# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| ASPHALT CONTRACTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11-0170-KD-M |
| | ) | |
| KANZA CONSTRUCTION, INC., and | ) | |
| GARRET RINER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on the motion to compel arbitration and stay and memorandum in support filed by defendant Kanza Construction, Inc. (Kanza), the response filed by plaintiff Asphalt Contractors, Inc. (AC), and Kanza's reply (docs. 16, 20, 23). Upon consideration and for the reasons set forth herein, Kanza's motion to compel arbitration is **GRANTED** and this action is **STAYED** pending completion of the arbitration proceedings. *See* 9 U.S.C. § 3.

Accordingly, the Clerk of the Court is directed to **administratively close** this action for statistical purposes. The parties are **ORDERED** to provide the Court on or before **January 25, 2012**, with a joint report of the status of the arbitration proceedings.

AC, an Alabama corporation, sued Kanza, a Kansas corporation, and Garret Riner, a citizen of Kansas, in the Circuit Court of Dallas County, Alabama for breach of the subcontract agreement between AC and Kanza. The subcontract was negotiated and signed by Riner on behalf of Kanza. Kanza and Riner removed the action to this Court.

After removal, Kanza filed the pending motion to compel arbitration pursuant to the

Federal Arbitration Act (FAA), 9 U.S.C. § 1-14, on basis that the subcontract agreement between Kanza and AC is a transaction involving commerce and contains a valid arbitration clause. The clause sets forth as follows:

> 25. ARBITRATION. Contractor may, at its option, choose to have any dispute arising or related to this Subcontract resolved through arbitration in Topeka, Kansas consistent with the procedures currently accepted by the American Arbitration Association.

(Doc. 16-1, p .9).

Kanza argues that the contract dispute at issue falls within the scope of the arbitration clause because "any" dispute related to the subcontract is subject to resolution in arbitration. Kanza also argues that the FAA creates a strong federal policy in favor of arbitration and that doubts should be resolved in favor of arbitration. Kanza also argues that it has not waived its option to arbitrate. In support Kanza argues that it has not litigated to a point inconsistent with intent to arbitrate, that AC has not shown substantial prejudice if now compelled to arbitrate, and that the subcontract does not give AC any right to unilaterally modify the subcontract to remove Kanza's option to arbitrate.

AC argues that Kanza has waived its option to demand arbitration. AC argues that under the totality of the circumstances, Kanza acted inconsistently with its right to arbitration because it did not express an intent to arbitrate in its prior correspondence with AC or court documents until Kanza amended its answer. AC argues that Kanza's actions were prejudicial because AC has now incurred litigation expenses.

The parties do not dispute that the FAA applies, that AC's claims against Kanza and Riner arise out of or are related to the subcontract, or that the arbitration clause is valid. Thus, the Court must determine whether AC has met its burden of establishing that Kanza waived its option to compel arbitration and that this court should deny Kanza's motion. "Because federal

law favors arbitration, any party arguing waiver of arbitration bears a heavy burden of proof.'"

*Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990) (citation omitted).

When the defense of waiver is raised in this context, the Court of Appeals for the Eleventh Circuit has explained as follows

> When arbitration agreements are governed by the Federal Arbitration Act ("FAA"), as is the agreement in this case, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983) (emphasis added).
>
> . . .
>
> An agreement to arbitrate, "just like any other contract ..., may be waived." *Burton-Dixie Corp. v. Timothy McCarthy Constr. Co.*, 436 F.2d 405, 407 (5th Cir.1971). [ ] When determining whether a party has waived its right to arbitrate, this Court applies a two-part test: "First, we decide if, 'under the totality of the circumstances,' the party 'has acted inconsistently with the arbitration right,' and, second, we look to see whether, by doing so, that party 'has in some way prejudiced the other party.' " [*Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315-16 (11th Cir.2002)] (quoting *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir.1990)).
>
> . . .
>
> We have held that participating in litigation can satisfy the first prong of the waiver test "when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate." *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995); see also *S & H Contractors*, 906 F.2d at 1514 ("[A] party that substantially invokes the litigation machinery prior to demanding arbitration may waive its right to arbitrate." (alterations and internal quotation marks omitted)). In other words, a party has acted inconsistently with its right to arbitrate where its conduct-including participation in litigation-manifests an intent to avoid or to waive arbitration. *See Ivax Corp.*, 286 F.3d at 1319 & n. 21, 1320. . . .
>
> . . .

> When the inconsistent conduct prong is satisfied by substantial participation in litigation, we evaluate the prejudice prong by "consider[ing] the length of delay in demanding arbitration and the expense incurred by [the] party [alleging prejudice] from participating in the litigation process." *S & H Contractors*, 906 F.2d at 1514. We might also consider the extent of "[t]he use of pre-trial discovery procedures by a party seeking arbitration," to determine if the inconsistent conduct "sufficiently prejudice[d] the legal position of an opposing party so as to constitute a waiver of the party's right to arbitration." *Stone*, 898 F.2d at 1543.

*Citibank, N.A. v. Stok & Associates, P.A.*, 387 Fed.Appx. 921, 923-924 (11th Cir. 2010) (footnotes 1 and 2 omitted).

To apply the two-pronged test for waiver, the court must first decide whether Kanza acted inconsistently with its right to invoke arbitration. On February 8, 2011, before filing the lawsuit, AC sent a demand letter to Kanza. In the letter, AC stated that Kanza had three days to notify AC whether Kanza would seek resolution through arbitration. AC warned Kanza that if no notice of arbitration was received, then AC would assume Kanza waived its option to invoke the arbitration provision, and AC would file suit (doc. 20, Exh. A, Affidavit of Jack Owen).[1] Kanza did not respond.

On March 1, 2011, AC filed a complaint against Kanza and served a request for production (doc. 1-1). On March 31, 2011, AC filed an amended complaint (doc. 1-1). On April 5, 2011, before filing an answer or other responsive pleading, Kanza removed to this court (doc. 1, notice of removal). On April 24, 2011, Kanza filed its answer and that same day the court entered a preliminary scheduling order (docs. 7, 10). On May 16, 2011, Kanza filed its amended

---

[1] The letter stated as follows: "Paragraph 25 of the Subcontract gives the Contractor (Kanza) the option to have any dispute arising or related to the Subcontract resolved through arbitration. You have three (3) days to notify us that Kanza seeks resolution by way of arbitration. Failing receipt of notice that Kanza exercises the option for arbitration, we will assume that Kanza waives that option and will proceed to file suit for damages in an appropriate forum." (doc. 20-3).

answer (doc. 15). On May 25, 2011, Kanza filed the pending motion to compel arbitration and stay proceedings (doc. 16). On June 7, 2011, the parties filed a joint motion to extend the preliminary scheduling order deadlines including the deadline for the parties to meet and file their report of parties' planning meeting and the motion was granted (docs. 21, 22). Therefore, no report was filed, no Rule 16(b) Scheduling Order entered, and formal discovery has not commenced in this court.[2]

Viewing the totality of the circumstances, the Court finds that Kanza has not substantially participated "in litigation to a point inconsistent with an intent to arbitrate." *Morewitz*, 62 F.3d at 1366. The parties have not engaged in any formal discovery. The docket indicates that a request for production was served with the complaint but no formal discovery commenced after removal. Thus, the litigation consists primarily of a complaint, notice of removal, an answer and an amended answer. In regard to the latter, only nineteen days lapsed between Kanza's first answer and its second answer amended to raise the issue of arbitration (docs. 7, 15). Although Kanza did not respond to AC's demand letter and state its intent to arbitrate at that time, that letter operated to put Kanza on notice of AC's intent to file a lawsuit. AC's assumption that Kanza waived its option by not responding to the demand letter does not convert Kanza's failure to respond within three (3) days into a waiver of arbitration, especially since the arbitration clause did not set such a time frame for exercising the option. Nor does the lapse of time between the demand letter and the amended answer constitute substantial participation in litigation

---

[2] The preliminary scheduling order required the parties to meet and file their report of parties' planning meeting on or before June 9, 2011 and to exchange their initial disclosures within twenty-one (21) days after the parties' planning meeting. The order also explained that discovery pursuant to Rules 30, 31, 33, 34, and 36 of the Federal Rules of Civil Procedure could not commence before the parties' meeting except in limited circumstances not applicable to this action (doc. 10).

inconsistent with an intent to arbitrate, largely because the parties did not engage in any formal discovery during that time period.

The court having determined that AC did not meet its burden to show that Kanza acted inconsistently with its right to exercise its option to arbitrate the dispute, *i.e.*, the inconsistent conduct prong is not met, the court need not address whether AC was prejudiced by Kanza's actions. *Morewitz*, 62 F.3d at 1366 ("Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate **and** this participation results in prejudice to the opposing party.") (emphasis added); c*f*. *Stok*, 387 Fed.Appx. at 924 ("When the inconsistent conduct prong is satisfied by substantial participation in litigation, we evaluate the prejudice prong . . . "); *Dorward v. Macy's Inc.*, 2011 WL 2893118, 9 (M.D. Fla. July 20, 2011) ("Having found that, as a matter of law, defendant did not act inconsistently with its arbitration right merely by requesting an extension of time to reply, the Court need not address the issue of prejudice.").

**DONE** and **ORDERED** this 27 day of July, 2011.

 s / Kristi K DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**